JASON J. BACH, ESQ.
Nevada Bar No. 7984
MICHAEL L. MASCARELLO, ESQ.
Nevada Bar No. 10673
THE BACH LAW FIRM, LLC
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel: (702) 925-8787
Fax: (702) 925-8788
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
* * * * *

| | | |
|---|---|---|
| MONAMIE GHATAK, | ) | CASE NO: |
| Plaintiff, | ) | |
| v. | ) | |
| THE STATE OF NEVADA, ex rel BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA LAS VEGAS; KAREN WEST, individually and as Dean of the School of Dental Medicine of the University of Nevada, Las Vegas; PHILIP C. WALTER, individually and as Director of Advanced Education Program in Pediatric Dentistry at the University of Nevada, Las Vegas; RONALD R. LEMON, individually and as Associate Dean for Advanced Education Programs at the University of Nevada, Las Vegas; and DOES I-XX, inclusive, | ) | |
| Defendants. | ) | |

## COMPLAINT
### (Jury Demanded)

COMES NOW, Plaintiff, MONAMIE GHATAK (hereinafter referred to as "Plaintiff"), by and through her attorneys of record, JASON J. BACH, ESQ. and MICHAEL L. MASCARELLO, ESQ. of THE BACH LAW FIRM, LLC, and hereby complains and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

## INTRODUCTION

This is a Complaint for Damages and Injunctive Relief brought by a physically disabled dental graduate student of the University of Nevada, Las Vegas in the School of Dental Medicine. The claims against the University System, the University of Nevada, Las Vegas, and the individual Defendants, are based upon Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. Section 1983 and the First, Fifth, and Fourteenth Amendment of the United States Constitution, alleging denial of reasonable accommodations, physical and programmatic accessibility, infringement of Plaintiff's right to free speech, substantive and procedural due process, and equal protection. Plaintiff also relies on the University of Nevada, Las Vegas catalogues and policies, and alleges a breach of contract claim. Plaintiff has also asserted claims against the Defendants for intentional infliction of emotional distress.

## PARTIES

1. Plaintiff, MONAMIE GHATAK, is currently, and at all times mentioned, a resident of the Commonwealth of Virginia, and at all relevant times, was a student at the University of Nevada, Las Vegas in the School of Dental Medicine.

2. Defendant THE STATE OF NEVADA, ex. Rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA LAS VEGAS is a political subdivision of the State of Nevada and operates the University of Nevada Las Vegas (hereinafter referred to as "UNLV"), a public educational institution of higher learning.

3. Defendant KAREN WEST is employed as the Dean of the UNLV School of Dental Medicine. She is named in this case both individually and in her official capacity.

4. Defendant PHILIP C. WALTER is employed as the Director of UNLV's Advanced Education Program in Pediatric Dentistry. He is named in this case both individually and in his official capacity.

5. Defendant RONALD R. LEMON is employed as the Associate Dean for Advanced Education Programs at UNLV's School of Dental Medicine. He is named in this case both individually and in his official capacity.

6. That the true names or capacities, whether individual, corporate, associate or

otherwise, of Defendants DOES I through XX are unknown to Plaintiff, who therefore, sues said Defendants by such fictitious names.

7. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOES are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

8. At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Nevada, County of Clark.

9. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff, Monamie Ghatak, enrolled as a student at the UNLV, pediatric dental graduate program to begin in the Fall 2011 semester.

11. Plaintiff suffers from severe physical limitations that substantially impact her ability to stand and walk. As a result of that disability, Plaintiff found it difficult, and at times impossible, to meet the physical requirements imposed on her by the UNLV pediatric dental program, Defendant West, and Defendant Walter.

12. Due to her disabilities, Plaintiff has requested that Defendants minimize and/or reduce periods of standing and walking, and provide her the access and resources she needs to complete the program. Despite Plaintiff's request for reasonable accommodations and physical and programmatic accessibility from Defendants, no accommodations or accessibility has been provided.

13. When accommodations were not made for her, Plaintiff had no choice but to be absent from the program. Defendants demanded that Plaintiff provide frequent medical information and updates and from her physician, which Plaintiff fully complied with. Defendants, without authorization, then shared Plaintiff's private medical information with others. In addition, Plaintiff registered with the UNLV Disability Resource Center, and provided substantial information in an attempt to obtain reasonable accommodations and physical and programmatic accessibility.

14. On January 13, 2012, Plaintiff met with Defendant Philip C. Walter, D.D.S., who is the director of UNLV's Advanced Education Program in Pediatric Dentistry. At that meeting, Dr. Walter was again informed that Plaintiff's period of absence from the program would be greatly reduced, if not eliminated, if only certain minor and reasonable accommodations were made. Dr. Walter immediately rejected the notion of making any accommodations, stating that in the interest of "fairness to other students," Plaintiff was not entitled to special treatment because of her disabilities and inability to walk.

15. Plaintiff then contacted Defendant West to request accommodations and accessibility, but none were provided.

16. On February 3, 2012, Defendant Walter sent a letter to Plaintiff, rejecting her request for accommodations, stating that he would not create "a customized program" due to her physical limitations. Defendant Walter then encouraged Plaintiff to withdraw from the program.

17. Plaintiff responded to Defendants by again informing them that she did not want to withdraw from the program, but to be afforded reasonable accommodations so that she could attend the program. Plaintiff provided Defendants with documentation from her orthopedic surgeon that minimal accommodations would allow Plaintiff to attend, participate, and complete the program, and makes clear that none of those accommodations would impact Plaintiff's ability to perform the requirements of the program, and that Plaintiff would have been able to participate in the program earlier, had these accommodations and accessibility been provided.

18. On February 21, 2012 at 12:51 p.m., Defendants Walter and Lemon demanded that Plaintiff attend a meeting with them at the dental school at 4:00 p.m. that same day. Upon Plaintiff's arrival, Defendants Lemon and Walter engaged in harassing behavior in an attempt to further intimidate Plaintiff into voluntarily withdrawing from the program. Defendant Lemon yelled at Plaintiff, hitting his fist on the table, all to harass, intimidate, retaliate, and discriminate against Plaintiff.

19. On February 24, 2012, Defendants forcibly withdrew Plaintiff from the program.

20. The above actions of the Defendants was designed and calculated to avoid providing Plaintiff with the accommodations and accessibility she was entitled to, and when Plaintiff continued

to pursue lawful accommodations, Defendants retaliated against her, ultimately dismissing her from the program.

21. Defendants claim that Plaintiff will be allowed to rejoin the program in July 2012, but still refuse to provide any reasonable accommodations upon Plaintiff's return, which will effectively prevent Plaintiff from completing the program, and continue the discrimination against her.

22. Defendants denial of reasonable accommodations, retaliation, and forced withdrawal from the program, have caused Plaintiff to lose significant time and income, as well as lost tuition, and accrued interest on student loans for tuition.

23. As a result of the above, Defendants, and each of them, have wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, physical and programmatic accessibility, harassed and retaliated against, forcibly withdrawn from the program, all in violation of her rights pursuant to Section 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act (ADA), U.S. Constitutional Rights, UNLV student catalogues, handbooks, and published policies, depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

24. Plaintiff seeks injunctive relief, pursuant to the relative federal statutes, requiring Defendants to provide the reasonable accommodations and physical and programmatic accessibility she is entitled to.

## FIRST CAUSE OF ACTION

*VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. §701, et seq.*

25. Paragraphs 1 through 24, inclusive are incorporated by reference.

26. Plaintiff is a qualified individual with disabilities, as defined by Section 504 of the Rehabilitation Act of 1973, as she is a person with a physical impairment that substantially limits one or more major life activities.

27. Defendants are a public university that receives federal funding, and is this required

to provide Plaintiff with reasonable accommodations.

28. Despite Plaintiff's requests for reasonable accommodations, Defendants have refused to provide them.

29. Defendants, and each of them, have wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, harassed and retaliated against, forcibly withdrawn from the program, all in violation of her rights pursuant to Section 504 of the Rehabilitation Act of 1973, depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

30. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

31. Plaintiff is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the statute, to allow her immediate access and participation in this public education program.

## SECOND CAUSE OF ACTION

*VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. §12101, et seq.*

32. Paragraphs 1 through 32, inclusive are incorporated by reference.

33. Plaintiff is a qualified individual with disabilities, as defined by the Americans with Disabilities Act (ADA), as she is a person with a physical impairment that substantially limits one or more major life activities.

34. Defendants are a public university, and is thus required to provide Plaintiff with physical and programmatic accessibility.

35. Despite Plaintiff's requests for physical and programmatic accessibility, Defendants have refused to provide them.

36. Defendants, and each of them, have wrongly caused Plaintiff to be discriminated against, denied reasonable accommodations, physical and programmatic accessibility, harassed and retaliated against, forcibly withdrawn from the program, all in violation of her rights pursuant to

Title II of the Americans with Disabilities Act (ADA), depriving her of the opportunity to complete her education and further her career, and inflicting emotional distress and physical injury, all to her damage in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

37. The acts, conduct and behavior of each of the individual Defendants were performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

38. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

39. Plaintiff is entitled to injunctive and declaratory relief to obtain the physical and programmatic accessibility, as permitted under the statute, to allow her immediate access and participation in this public education program.

## THIRD CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION, FREE SPEECH, DUE PROCESS AND EQUAL PROTECTION VIOLATION - FIRST, FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION*

40. Paragraphs 1 through 39, inclusive are incorporated by reference.

41. The actions of Defendants resulted from, and were taken, pursuant to a *de facto* policy of Defendant UNLV, which is implemented by the deans, associate deans, administrators, directors, educators, and other employees of the said Defendants, all acting under the color of law, who chose to violate Plaintiff's constitutional rights, without rightful authority of law, and who continue to violate Plaintiff's constitutional rights on an on-going basis by preventing her from returning to school and completing her education at UNLV.

42. Supervisory and policy making officers and officials of said Defendants have known the existence of the *de facto* policy described above for a substantial period of time.

43. Despite their knowledge of the said illegal policy and practices, supervisory and policy-making officers and officials of the said Defendants have not taken steps to determine said practices, have not disciplined or otherwise properly supervised the individual employees who engaged in the said practices, have not effectively trained deans, associate deans, directors, and other

employees with regard to the proper constitutional and statutory limits on the exercise of their authority, and have instead sanctioned the policy and the practices described herein.

44. That the above actions by Defendants have resulted in denial of free speech rights, all in violation of the First Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, discriminated against, intimidated, and summarily withdrawn from the program, all against her will, as a result of her request for accommodations and accessibility.

45. That the above actions by Defendants have resulted in both the substantive and procedural due process denial of rights, all in violation of the Fifth and Fourteenth Amendment to the United States Constitution, as Plaintiff was harassed, discriminated against, intimidated, and summarily withdrawn from the program, all against her will.

46. That the above actions by Defendants have resulted in the denial of equal protection rights, all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, discriminated against, intimidated, and summarily withdrawn from the program, all against her will, and differently than those similarly situated.

47. That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of the Plaintiff's constitutional rights, and as a direct and proximate result thereof, the Plaintiff sustained severe damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

48. The acts, conduct and behavior of each of the individual Defendants were performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

49. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

50. Plaintiff is entitled to injunctive and declaratory relief to obtain the reasonable accommodations, as permitted under the statute, to allow her immediate access and participation in this public education program.

///

Case 2:12-cv-00609-LRH-NJK   Document 1   Filed 04/13/12   Page 9 of 10

## FOURTH CAUSE OF ACTION

### *BREACH OF CONTRACT*

51. Paragraphs 1 through 50, inclusive are incorporated by reference.

52. Plaintiff has an express and implied contract with Defendants in connection with rights explicitly guaranteed by UNLV pursuant to the UNLV student catalogues, handbooks and published policies.

53. The actions of Defendants, including but not limited to Defendants' discrimination, denial of reasonable accommodations, physical and programmatic accessibility, harassment, retaliation, the forcible withdrawal from the program, each constitute a breach of the express and implied contract.

54. As a result of the breach committed against the Plaintiff, she has been damaged in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

55. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FIFTH CAUSE OF ACTION

### *INTENTIONAL INFLICTION OF SEVERE MENTAL DISTRESS*

56. Paragraphs 1 through 55, inclusive, are incorporated by reference.

57. As a result of Defendants' intentional and negligent conduct and omissions, Plaintiff, suffered and continues to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem, and self-worth, shame and humiliation.

58. Plaintiff has required medical and/or psychological care as result of the malfeasance and nonfeasance of Defendants. This has caused Plaintiff to incur expenses for medical care, treatment, and expenses incidental thereto. The total amount of Plaintiff's damages cannot yet be fully ascertained, and as such we respectfully ask leave of this Court to amend Plaintiff's Complaint to insert the full amount when such have been fully ascertained.

59. As a result of the mental distress described above, Plaintiff has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the

Defendants, as well as grievous mental suffering, all to damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

60. The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff, is entitled to punitive damages in a sum in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00).

61. It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

**WHEREFORE**, Plaintiff prays that this Honorable Court: Enter judgment in Plaintiff's favor, and against the Defendants, and each of them:

1. For compensatory damages in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00);

2. For punitive damages each in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00);

3. For injunctive and declaratory relief requiring Defendants to immediately provide the reasonable accommodations and physical and programmatic accessibility she is entitled to, and

4. Together with the costs and disbursements of this action and such other attorney's fees pursuant to 29 U.S.C. §701, et seq., 42 U.S.C. §12101, et seq., 42 U.S.C. §1988, and further relief as justice requires.

DATED this 13th day of April, 2012.

THE BACH LAW FIRM, LLC

By: /s/ Jason J. Bach, Esq.
JASON J. BACH, ESQ.
Nevada Bar No. 7984
MICHAEL L. MASCARELLO, ESQ.
Nevada Bar No. 10673
6053 S. Fort Apache Rd., Suite 130
Las Vegas, NV 89148
Tel.: (702) 925-8787
Attorneys for Plaintiff