ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SUSAN CARRASCO O'BRIEN
Assistant General Counsel
Nevada Bar No. 8396
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
Telephone: (702) 895-5185
Facsimile: (702) 895-5299
*Attorney for the State of Nevada ex rel. its Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas, Karen West, Philip C. Walter and Ronald R. Lemon*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONAMIE GHATAK,<br><br>        Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA ex rel. BOARD OF REGENTS OF NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KAREN WEST, individually and as Dean of the School of Dental Medicine of the University of Nevada, Las Vegas; PHILIP C. WALTER, individually and as Director of the Advanced Education Program in Pediatric Dentistry at the University of Nevada, Las Vegas; RONALD R. LEMON, individually and as Associate Dean for Advanced Education Programs at the University of Nevada, Las Vegas; and DOES I-XX, inclusive,<br>        Defendants. | CASE NO.: 2:12-cv-00609-LRH-RJJ<br><br>**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendants, the State of Nevada ex rel. its Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas ("UNLV" or "University"), Karen West, individually and as Dean of UNLV School of Dental Medicine ("SDM"), Philip C. Walter, individually and as Director of the Advanced Education Program in Pediatric Dentistry of

UNLV SDM, and Ronald R. Lemon, individually and as Associate Dean for Advanced Education Programs at UNLV SDM, by and through counsel, Elda M. Sidhu, General Counsel and Susan Carrasco O'Brien, Assistant General Counsel, respectfully submit this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  This Motion is based upon the attached Memorandum of Points and Authorities, as well as other papers, pleadings and documents on file herein.

DATED:  August 17, 2012.

/s/  Susan Carrasco O'Brien
ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SUSAN CARRASCO O'BRIEN
Assistant General Counsel
Nevada Bar No. 8396
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
*Attorney for Defendants*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ALLEGED FACTS AND BACKGROUND**

On April 13, 2012, Plaintiff, Monamie Ghatak (hereinafter "Plaintiff"), filed a Complaint (hereinafter "Complaint") alleging constitutional right violations and state law claims.  Plaintiff named UNLV and University employees, Dean Karen West, Dr. Walter and Dr. Lemon as defendants in their individual and official capacities.

Plaintiff's general factual allegations include that Plaintiff enrolled as a student in the UNLV Pediatric Dental graduate program to begin in the Fall 2011 semester.  (Plaintiff's Complaint ¶10, Court Document ["CD"] #1).  Plaintiff alleges she suffers severe physical limitations that substantially impact her ability to stand and walk, and that Plaintiff found it impossible, at times, to meet the physical requirements of the UNLV Pediatric Dental Program. (*Id.* ¶11).  Plaintiff alleges she requested Defendants minimize and/or reduce periods of standing and walking and provide her access and resources she needs to complete the program.  (*Id.* ¶12). Plaintiff alleges that the University forcibly withdrew Plaintiff from the program on February 24,

1  2012, which was the Spring 2012 semester. (*Id.* ¶19). Plaintiff admits Defendants notified her she
2  would be allowed to reenter the program in July 2012. (*Id.* ¶21).

3  Plaintiff asserts five causes of action: (1) violation of Section 504 of the Rehabilitation Act
4  of 1973; (2) violation of Title II of the Americans with Disabilities Act; (3) free speech violations,
5  substantive and procedural due process violations, fifth and fourteenth amendment violations, and
6  equal protection violations under 42 U.S.C. §1983; (4) breach of contract; and (5) intentional
7  infliction of emotional distress.

## ARGUMENT

### I. STANDARD OF REVIEW FOR MOTIONS TO DISMISS UNDER FRCP 12(b)(6)

11  In considering a motion to dismiss for failure to state a claim upon which relief can be
12  granted, all material allegations in the complaint are accepted as true and are to be construed in the
13  light most favorable to the non-moving party. *N. Star Int. v. Ariz. Corp. Comm'n.*, 720 F.2d 578, 580
14  (9th Cir. 1983) (citation omitted); *Cerros v. N. Las Vegas Police Dept.,* 2008 WL 608641, 1
15  (D.Nev. 2008). "However, a court does not necessarily assume the truth of legal conclusions
16  merely because they are cast in the form of factual allegations in the plaintiff's complaint."
17  *Cerros*, 2008 WL 608641 at 1, *citing Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th
18  Cir. 1994).

19  A plaintiff's obligation to provide grounds of his entitlement to relief requires more than
20  labels, conclusions, and a formulaic recitation of the elements of the cause of action. *Bell Atlantic*
21  *Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "'Factual allegations must be
22  enough to raise a right to relief above a speculative level on the assumption that all allegations in
23  the complaint are true (even if doubtful in fact).'" *Bell Atlantic Corp.*, 127 U.S. at 1965.

24  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient
25  facts alleged under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,
26  533 (9th Cir. 1984).

27  . . .

28  . . .

II.  **PLAINTIFF'S CONSTITUTIONAL CLAIMS**

    A.  **TITLE II OF AMERICANS WITH DISABILITIES ACT ("ADA") AND SECTION 504 OF REHABILITATION ACT ("RA" or "Section 504")**

        1.  **Failure to State a Claim**

Title II of the ADA and Section 504 of the RA both prohibit discrimination against qualified disabled individuals. Title II states that:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Under Section 504,

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794. Because both Title II and Section 504 have very similar language, the legal standard for discrimination is the same under both Title II and Section 504. *Collings v. Longview Fibre Co.*, 63 F.3d 828, 832 n.3 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 711 (1996). To sufficiently allege a prima facie case of discrimination based on his/her disability, in violation of the ADA or the Rehabilitation Act,[1] a plaintiff must meet the following:

> (1) he/she is an individual with a disability;
> (2) he/she is otherwise qualified to receive the benefit of some public entity's services, programs, or activities;
> (3) he/she was either excluded from participation in or denied the benefits by the public entity;
> (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability;
> (5) either the University/institution received federal financial assistance (for the Rehabilitation Act claim), or is a public entity (for the ADA claim).

. . .

---

[1] There is no significant difference in analysis of rights and obligations created by the ADA and RA. The remedies, procedures and rights set forth in the RA shall be the remedies, procedures, and rights applicable to ADA claims. *See* 42 U.S.C. §12133.

1  *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 816 (9th Cir. 1999); *citing Zukle v. Regents of*
2  *the Univ. of Cal.*, 166 F.3d at 1045.

3  If a plaintiff alleges a failure to accommodate, "part of the plaintiff's initial burden includes
4  'showing the existence of a reasonable accommodation.'" *Zukle,* 166 F.3d at 1046 (quoting *Barnett*
5  *v. U.S. Air, Inc.,* 157 F.3d 744, 749 (9th Cir. 1998)).

6  Plaintiff fails to allege that she is disabled as that term is defined by the ADA and RA.
7  Plaintiff alleges she has "severe physical limitations" but there are no supporting factual
8  allegations to support that her condition is one that qualifies under the ADA and RA.  Moreover,
9  Plaintiff fails to allege facts regarding whether she is otherwise qualified in that she can meet the
10 essential functions of the program requirements with or without accommodations.  Additionally,
11 Plaintiff uses the words reasonable accommodations but fails to allege facts to support what, if
12 any, requests for accommodations she actually made, as well as when and to whom.  Accordingly,
13 Plaintiff's ADA and RA claims are insufficiently pled and should be dismissed.

14 **2.   Plaintiff Cannot Seek Damages or Injunctive Relief Pursuant to ADA or RA against Defendants in their Individual Capacities**
15

16 Dean West, Dr. Walter and Dr. Lemon seek dismissal of Plaintiff's first and second causes
17 of action alleging they violated the ADA and RA, in their individual capacities, as individual
18 liability is precluded under both statutes.

19 Under the ADA, a plaintiff may bring a claim pursuant to Title II of the ADA against state
20 entities for injunctive relief and damages.  *See Phiffer v. Colombia River Correctional Institute*,
21 384 F.3d 791 (9th Cir. 2004); *Lovell v. Chandler*, 303 F.3d 1039 (9th Cir. 2002).  However, he
22 cannot seek damages pursuant to the ADA against the defendants in their individual capacities.
23 *Eason v. Clark County School Dist.*, 303 F.3d 1137, 1145 (9th Cir. 2002), *citing Garcia v.*
24 *S.U.N.Y. Health*, 280 F.3d 98, 107 (2d Cir. 2001).  To the extent plaintiff makes claims of
25 violations of the ADA against any individual defendant, plaintiff could proceed only to the extent
26 that plaintiff seeks injunctive relief and has sued such individual in an official capacity.  *Miranda*
27 *B. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003), *Thompson v. Davis*, 295 F.3d 890, 895 (9th
28 Cir. 2002).

Plaintiff's Complaint fails to clearly indicate what claims she is alleging against which Defendants. Accordingly, if Plaintiff alleges ADA or RA violations against the individual defendants she cannot proceed as a matter of law because neither Title II of the ADA nor Section 504 of the RA allows for individual liability against state officials sued in their personal capacities.

**B.    PLAINTIFF'S 42 U.S.C. SECTION 1983 CONSTITUTIONAL CLAIMS**

    **1.    Plaintiff's Claim of Liability Based on "Defacto" Policy Fails to State a Claim Upon Which Relief Can Be Granted**

Plaintiff, apparently, seeks to allege some sort of constitutional claim arising from a "defacto policy of Defendant UNLV" (a state entity), "which is implemented by the deans, associate deans, administrators, directors, educators..." (CD #1, ¶41).

Section 1983 liability of a local governing body lies only when "action pursuant to official municipal policy of some nature caused a constitutional tort," and not on the basis of respondeat superior. *See Monell v. Dep't of Soc. Serv. of N.Y.,* 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); *see also Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382 (1997). A local governmental entity may be liable under Section 1983 when "action pursuant to official municipal policy of some nature causes[s] a constitutional tort." *Monell* at 691; *City of Canton, Ohio v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197 (1989).

Moreover, a local governmental body may be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights. *City of Canton,* 489 U.S. at 388. In order to impose liability on a local governmental entity for failing to act to preserve constitutional rights, a Section 1983 plaintiff must allege: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy "amounts to deliberate indifference" to the plaintiff's constitutional right; and (4) that the policy is the "moving force behind the constitutional violation." *City of Canton,* 489 U.S. at 389-91. **The existence of a policy, without more, is insufficient to trigger local government liability under section 1983**. *Id.* at 388-89 (emphasis added).

Plaintiff improperly asserts a theory under *Monell* that his constitutional rights were infringed by a "defacto policy" of UNLV and UNLV employees. The Ninth Circuit Court of

1  Appeals affirming a district court dismissal affirmed that "the Supreme Court has expressly
2  declined to extend *Monell's* theory of municipal liability under Section 1983 to state entities and
3  held that a plaintiff may not bring an action against UNLV or UNLV employees in their official
4  capacities under *Monell*. *Krainski v. NSHE et al.,* 616 F.3d 963, 968 (9th Cir. 2010).
5  Accordingly, Plaintiff may not bring an action against UNLV or UNLV employees in their official
6  capacities under *Monell*, and to the extent that she does those claims must be dismissed.

## 2. Eleventh Amendment Immunity

8  The Eleventh Amendment bars suits against states and state agencies, whether the action is
9  for damages or injunctive relief. *Krainski*, 616 F.3d at 967.  The State of Nevada has explicitly
10 refused to waive its immunity to suit under the Eleventh Amendment. Nev. Rev. Stat. § 41.031(1).
11 The Eleventh Amendment protection from suit extends to state instrumentalities and agencies.
12 *Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974) (citations omitted).
13 The Nevada university system is an instrumentality of the state within the meaning of the Eleventh
14 Amendment. *Meza v. Lee*, 669 F. Supp. 325, 328 (D. Nev. 1987); *Johnson v. Univ. of Nev.*, 596 F.
15 Supp. 175, 178 (D. Nev. 1984). The Johnson court stated that "because the [u]niversity system
16 operates as a branch of the Nevada State government and because it is obligated to provide
17 sufficient funds for its operation, [University of Nevada-Reno] and the Board [of Regents of the
18 Nevada System of Higher Education] are state instrumentalities within the meaning of the
19 Eleventh Amendment." *Johnson*, 596 F. Supp. at 178, *Indep. Living Ctr. of S. Cal., Inc. v.
20 Maxwell-Jolly*, 572 F.3d 644,660 (9th Cir. 2004) (noting the Nevada System of Higher Education
21 is immune from suit under the Eleventh Amendment).  Thus, Plaintiff's Section 1983 claims
22 against UNLV must be dismissed.

23 Additionally, a suit against a state official in his or her official capacity is not a suit against
24 the official but rather is a suit against the official's office. *Will v. Mich. Dep't of State Police*, 491
25 U.S. 58, 71, 109 S.Ct. 2304 (1989), *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873 (1985).  As
26 such, it is no different from a suit against the State itself. *Will*, 491 U.S. at 71.  In the instant case,
27 Dean West, Dr. Walter and Dr. Lemon are immune from suit as to Plaintiff's Section 1983 claim
28 for money damages in their official capacities.  The Eleventh amendment precludes Plaintiff from

obtaining monetary damages from the individual defendants in their official capacities.

Injunctive relief may be imposed against the individual Defendants sued in their official capacities. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 n.10 ("a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'"). Defendants maintain that Plaintiff cannot meet the standard for obtaining injunctive relief as one of the remedies that she seeks.

### 3. Plaintiff's Fifth Amendment Claim

Any alleged Fifth Amendment claim is plainly foreclosed by the Constitution. The Defendants which Plaintiff has named are employees of UNLV (CD#1 ¶¶3,4 and 5 ) and, as such, are state employees. The Fifth Amendment's due process clause only applies to the federal government. *Binue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2007), *citing Betts v. Brady*, 316 U.S. 455, 462, 62 S.Ct. 1252 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth Amendment."), *overruled on other grounds by Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792 (1963). Plaintiff simply has no cause of action under the Fifth Amendment, and any such claim must be dismissed against UNLV, Dean West, Dr. Walter and Dr. Lemon.

### 4. 42 U.S.C. Section 1983 Claim Cannot Be Predicated Upon an Alleged Violation of Title II of the ADA and Section 504 of RA

Section 1983 does not confer rights, but instead allows individuals to enforce rights contained in the United States Constitution and defined by federal law. *See Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995). An alleged violation of federal law may not be vindicated under § 1983, however, where: "(1) the statute does not create an enforceable right, privilege, or immunity, or (2) Congress has foreclosed citizen enforcement in the enactment itself, either explicitly, or implicitly by imbuing it with its own comprehensive remedial scheme." *Buckley*, 66 F.3d at 190. "[A] comprehensive remedial scheme for the enforcement of a statutory right creates a presumption that Congress intended to foreclose resort to more general remedial

schemes to vindicate that right." *Lollar v. Baker*, 196 F.3d 603, 609 (5th Cir. 1999) (*citing Middlesex Co. Sewerage Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 20, 101 S. Ct. 2615 (1981)).The Ninth Circuit has expressly held that "a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the RA." *Vinson v. Thomas*, 288 F.3d 1145, 1146 (9th Cir. 2002). In Plaintiff's third cause action, to the extent that she sues Dean West, Dr. Walter, and Dr. Lemon in their individual capacities under 42 U.S.C. § 1983, and predicates such upon alleged violations of the ADA or RA, the third cause of action must be dismissed as there is a comprehensive remedial scheme under the ADA or RA.

### 5. Equal Protection Claim

Plaintiff fails to meet even the minimal requirements under Fed. R. Civ. P. 8 for liberal pleading. Plaintiff utterly fails to allege any facts to support a claim for Equal Protection. There are in total two places where Plaintiff refers to equal protection, and they are, at best, recitation of elements.

> **THIRD CAUSE OF ACTION**
>
> CIVIL RIGHTS VIOLATION, FREE SPEECH, DUE PROCESS AND EQUAL PROTECTION...

(CD #1, p.7).

> 46. That the above actions by Defendants have resulted in the denial of equal protection rights, all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, disciplined against, intimidated, and summarily withdrawn from the program, all against her will, and differently than those similarly situated.

(CD #1 ¶46). These passing references to equal protection rights do not constitute a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). An equal protection claim requires a showing that the state actor treated classes of people differently based on their class without justification, "[t]he Equal Protection Clause ensures that all persons similarly situated should be treated alike." *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 944 (9th Cir. 2004). In light of the failure to allege any facts whatsoever that would give rise to an inference that Plaintiff was treated differently than other students, Plaintiff's Equal Protection

1  claim must be dismissed.

2  Additionally, Dean West, Dr. Walter and Dr. Lemon are immune from a private damages action or suits for injunctive relief.  Title 42 U.S.C. § 1983 "authorizes a remedy against state actors for constitutional violations, including violations of the Equal Protection Clause." *Cerrato v. San Francisco Cmty Coll. Dist.*, 26 F.3d 968, 971 n.5 (9th Cir. 1994). Nonetheless, the Eleventh Amendment bars suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241, 105 S. Ct. 3142 (1985).  Moreover, agencies of the state, such as Nevada state colleges and universities, are similarly immune from private damage actions or suits for injunctive relief brought in federal court pursuant to 42 U.S.C. § 1983.  Because Nevada has not waived its Eleventh Amendment immunity defendants are immune from suit on Plaintiff's 42 U.S.C. § 1983 claims.

### 6.     First Amendment Claim

Plaintiff appears to allege that Defendants violated her freedom of speech.  Plaintiff makes fleeting references, and, in truth fails to allege sufficient facts to make out any such claim. Plaintiff's Complaint mentions free speech in the description under Third Cause of Action:

> CIVIL RIGHTS VIOLATION, FREE SPEECH, DUE PROCESS
> AND EQUAL PROTECTION...

(CD #1, p.7).

> 44.   That the above said actions by Defendants have resulted in denial of free speech rights, all in violation of the First Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, discriminated against, intimidated, and summarily withdrawn from the program, all against her will, as a result of her request for accommodations and accessibility.

(CD #1, ¶44).

*Id.* at p.8, ll.3-5.  The First Amendment to the U.S. Constitution, applicable against the states through the Fourteenth Amendment, prohibits states from "abridging the freedom of speech." U.S. Const. amend. I.   Plaintiff has brought her First Amendment claim under 42 U.S.C. § 1983.

In *Harris v. Pontotoc County School District*, the Fifth Circuit explained that "[t]he First Amendment protects a public employee's speech in cases of alleged retaliation only if the speech addresses a matter of 'public concern.'" 635 F.3d 685, 692 (5th Cir. 2011) (*quoting Connick v.*

1   *Myers*, 461 U.S. 138, 147, 103 S. Ct. 1684 (1983)). "Whether speech is of public concern is
2   determined by the content, form, and context of a given statement, as revealed by the whole
3   record." *Connick*, 416 U.S. at 147-148.  "Rather than looking at whether the public might or would
4   have an interest in the matter, the court examines whether the speaker's motivation was to speak
5   primarily as a citizen or as an employee."  *Harris*, 635 F.3d at 692.  Moreover, in *Davis v. Mann*,
6   721 F.Supp. 796, 803-04 (S.D. Miss.1988), *aff'd*, 882 F.2d 967 (5th Cir. 1989), the district court
7   applied the principles elucidated in *Harris* and *Connick* to a dental student who was dismissed
8   from a residency program.

9   In this case, Plaintiff appears to allege that the Defendants violated her rights under the
10  First Amendment.  However, she has not alleged any facts suggesting that her speech was of
11  public concern, and therefore entitled to protection under the First Amendment. *Harris*, 635 F.3d
12  at 692; *cf. Davis*, 721 F. Supp. at 803-04. Plaintiff's conclusory allegations only dealt with
13  UNLV's treatment of herself, and no one else. There are no allegations that Plaintiff directed her
14  speech to the public. And the complaint gives no reason to believe that Plaintiff was speaking as a
15  citizen instead of as a student at UNLV SDM. Therefore, Plaintiff's First Amendment claims
16  against the defendants must be dismissed for failure to state a claim.

**C.  DEAN WEST, DR. WALTER AND DR. LEMON ARE ENTITLED TO QUALIFED IMMUNITY IN THEIR INDIVIDUAL CAPACITIES**

19  In 42 U.S.C. § 1983 actions, qualified immunity protects state officials from civil liability
20  for damages resulting from discretionary acts, so long as those acts do not violate clearly
21  established statutory or constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18, 102
22  S.Ct. 2727 (1982).  Qualified immunity under federal law is not merely a defense to liability; it is
23  "'an entitlement not to stand trial or face the other burdens of litigation.'"  *Saucier v. Katz*, 533
24  U.S. 194, 200, 121 S.Ct. 2151 (2001) (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct.
25  2806 (1985)).

26  "Determining whether officials are owed qualified immunity involves two inquiries: (1)
27  whether, taken in the light most favorable to the party asserting the injury, the facts alleged show
28  the officer's conduct violated a constitutional right; and (2) if so, whether the right was clearly

1 established in light of the specific context of the case." *Krainski*, 616 F.3d at 968. "For a constitutional violation to be clearly established, its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508 (2002). It is within the Court's sound discretion to address these two prongs in any sequence it sees fit. *Pearson v. Callahan*, ---U.S.---, 129 S.Ct. 808, 818 (2009). In the instant case, Plaintiff's Complaint does not sufficiently allege violation of a constitutional right.

### 1. Procedural Due Process

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendments." *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893 (1976). The United States Supreme Court has repeatedly held that "some form of hearing is required before an individual is finally deprived of a property interest." *Mathews,* 424 U.S. at 333. The specific procedures which are required will vary in each case depending on the situation. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593 (1972).

A determination of whether Plaintiff was denied procedural due process requires a two-step inquiry: (1) Did the individual possess a protected interest to which due process protection was applicable? (2) Was the individual afforded an appropriate level of due process? *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 577 (10th Cir. 1996).

Plaintiff has not sufficiently pled facts to indicate whether or not a property interest is implicated. Plaintiff makes general conclusory allegations that are insufficient to raise a procedural due process claim, and therefore this claim must be dismissed. Moreover, if Plaintiff's procedural due process claim seeks to vindicate rights created by Section 504 or the ADA, Plaintiff's procedural due process claim cannot proceed as a matter of law.

### 2. Substantive Due Process

The Fourteenth Amendment confers substantive due process rights. *See Foucha v. La.,* 504 U.S. 71, 80, 112 S.Ct. 1780 (1992). However, the use of substantive due process to extend constitutional protection to economic and property rights has been largely discredited. *See*

*generally* Gerald Gunther, *Constitutional Law* at 432-65.  Rather, recent jurisprudence restricts the reach of the protections of substantive due process primarily to the liberties "deeply rooted in this Nation's history and tradition." *Moore v. City of E. Cleveland, Ohio,* 431 U.S. 494, 503, 97 S.Ct. 1932 (1977).

"[W]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular source of government behavior, 'that Amendment, not the more generalized notion of substantive due process' must be the guide for analyzing these claims." *Albright v. Oliver,* 510 U.S. 266, 273, 114 S.Ct. 807 (1994).

A deprivation of substantive due process and a warrant for remand of a case for consideration may be shown if the record revealed a showing of arbitrariness or capriciousness. *Horowitz*, 435 U.S. at 79-80.   The test for arbitrary or capricious dismissal is whether the dismissal is based on sufficient reasons. *Id.*  Accordingly, in cases involving academic dismissal, educational institutions will be entitled to summary judgment unless the plaintiff can provide some evidence from which a fact finder "could conclude that there was no rational basis for the decision or that it was motivated by bad faith or ill will unrelated to academic performance." *Clements v. Nassau County*, 835 F.2d 1000, 1004 (2d Cir. 1987); *see also Greenhill v. Bailey*, 519 F.2d 5, 10 n.12 (8th Cir. 1975) ("For a court to overturn a student's dismissal on substantive grounds it must find that such a dismissal was arbitrary and capricious. . . . Only the most compelling evidence of arbitrary or capricious conduct would warrant our interference with the performance evaluation (grades) of a dismissed student made by his teachers."); *Bilut v. Northwestern Univ.*, 269 Ill. App. 3d 125, 645 N.E.2d 536, 543, 206 Ill. Dec. 531 (Ill. App. Ct. 1994) ("A plaintiff's burden of establishing arbitrary and capricious conduct on the part of a private college or university . . . is a heavy one. A plaintiff must show his dismissal was without any discernible rational basis.") (internal quotations and citations omitted).

In the instant case, Plaintiff fails to allege the existence of any fundamental right or liberty interest.  Additionally, Plaintiff fails to set forth any description of the asserted fundamental right or liberty interest.  Furthermore, Plaintiff fails to allege any facts that tend to show arbitrary or capricious dismissal without any discernible rational basis.  Accordingly, Plaintiff's Complaint

S:\General Counsel\LITIGATION FILES\Ghatak, Monamie\Pleadings\Drafts\2012-08-17 Motion to Dismiss.docx         13

fails to state a claim under 42 U.S.C. § 1983 based on an alleged violation of her substantive due process rights. Moreover, if Plaintiff's procedural due process claim seeks to vindicate rights created by Section 504 or the ADA, Plaintiff's procedural due process claim cannot proceed as a matter of law.

### III. PLAINTIFF'S STATE LAW CLAIMS FOR BREACH OF CONTRACT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM

#### A. Breach of Contract Claim (Plaintiff's Second Cause of Action)

Basic contract principles require, for an enforceable contract: (1) an offer and acceptance, (2) meeting of the minds; and (3) consideration. *Keddie v. Beneficial Ins. Inc.,* 94 Nev. 418, 421, 580 P.2d 955 (1978); *May v. Anderson,* 121 Nev. 668, 119 P.3d 1254, 1257 (2005). A valid contract cannot exist when material terms are lacking or are insufficiently certain and definite. *Matter of the Estate of Kern,* 107 Nev. 988, 991, 823 P.2d 275 (1991); *Richards v. Oliver,* 328 P.2d 544, 552 (Cal.Ct.App.1958).

The terms of an express contract are stated in words while those of an implied contract are manifested by conduct. *Youngman v. Nev. Irrigation Dist.*, 449 P.2d 462, 70 Cal.2d 240, 246, 74 Cal.Rptr. 398 (Cal.1969). Both types of contracts are founded upon an ascertainable agreement. *Horacek v. Smith*, 199 P.2d 929, 33 Cal.2d 186 (Cal. 1948).

Plaintiff fails to sufficiently allege facts that would even allow for an inference regarding existence of any contract. Specifically, Plaintiff's cause of action for breach of contract should be dismissed against Dean Karen West, Dr. Walter and Dr. Lemon on the grounds that they are not alleged to have entered into a contract with Plaintiff. Even with a broad reading of Plaintiff's Complaint, the most that she has alleged is that he allegedly entered an implied contract with the University as she alleges no facts to indicate an express contract. Because Plaintiff's Complaint alleges only conclusory allegations, it should be dismissed for failure to state a claim against all of the Defendants. At the very least, Plaintiff's breach of contract claim should be dismissed as it relates to Dean West, Dr. Walter and Dr. Lemon.

. . .

. . .

### B. Intentional Infliction of Emotional Distress

To establish a cause of action for intentional infliction of emotional distress, a plaintiff must prove:

> (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress;
> (2) the plaintiff's having suffered severe or extreme emotional distress; and
> (3) actual or proximate causation

*Olivero v. Lowe*, 116 Nev. 395, 398, 995 P.2d 1023 (Nev. 2000); *Star v. Rabello*, 97 Nev. 124, 26, 625 P.2d 90 (Nev. 1981). Extreme and outrageous conduct is that which is "outside all possible bounds of decency and is regarded as utterly intolerable in a civilized community." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24 (Nev. 1998). "In cases where emotional distress damages are not secondary to physical injuries, but rather precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented." *Barmettler v. Reno Air Inc.*, 114 Nev. 441, 448, 956 P.2d 1382 (1998).

The allegations in Plaintiff's Complaint are insufficient to establish a claim for intentional infliction of emotional distress. Plaintiff has not set forth any allegations of "extreme and outrageous conduct" or any allegations regarding an intent or reckless disregard to cause Plaintiff emotional distress by the UNLV, Dean West, Dr. Walter or Dr. Lemon. Accordingly, Plaintiff's claim should be dismissed.

## IV. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE OR DECLARATORY RELIEF

### A. Prospective Relief – Narrow Exception to Eleventh Amendment Immunity

Claims under Section 1983 are limited by the scope of the Eleventh Amendment. In *Will v. Mich. Dep't of State Police,* the Supreme Court held that "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes" are not "persons" under Section 1983. 491 U.S. at 70. Moreover, *Will* clarified that a suit against a state official in his official capacity is no different from a suit against the State itself. *Id.* at 71. Therefore, state officials sued in their official capacities are not "persons" within the meaning of Section 1983.

However, there is one exception to this general rule: When sued for *prospective injunctive*

1  *relief,* a state official in his official capacity is considered a "person" for § 1983 purposes. *Id.* at 71, n.10. Under the doctrine of *Ex parte Young,* suits against an official for *prospective relief* provide a narrow, but well-established exception to Eleventh Amendment immunity, whereas claims for retrospective relief (such as damages) do not. *Papasan v. Allain,* 478 U.S. 265, 277-78, 106 S.Ct. 2932 (1986).

### B. Injunctive Relief Standard

"The standard for granting a preliminary injunction balances the plaintiff's likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor, Inc. v. City of Los Angeles,* 340 F.3d 810, 813 (9th Cir.2003). The Ninth Circuit has two different criteria for determining whether preliminary injunctive relief is warranted. "Under the traditional criteria, a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to[the] plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Raich v. Gonzalez*, --- F.3d ----, 2007 WL 754759, 4 (9th Cir. 2007) (*quoting Save Our Sonoran, Inc. v. Flowers,* 408 F.3d 1113, 1120 (9th Cir.2005) (internal quotations omitted)).

The Ninth Circuit also uses an alternative test whereby a court may grant the injunction if the plaintiff demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in his favor. *See id.*

The two alternative formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum." *Raich*, 2007 WL 754759 at 5 (*quoting Baby Tam & Co., Inc. v. City of Las Vegas,* 154 F.3d 1097, 1100 (9th Cir.1998)).

In the instant, Plaintiff has failed to sufficiently allege any facts to meet any of the legal requirements necessary for obtaining an injunction.

### C. Declaratory Relief

Plaintiff has not demonstrated she is entitled to declaratory relief. Declaratory relief is inappropriate where other adequate remedies are available to redress past conduct. *See Harara v.*

*Conoco Phillips Co.,* 377 F.Supp.2d 779, 796 n. 21 (N.D.Cal.2005); *see also Hunter v. Gates,* 2001 WL 837697, 1 (C.D.Cal. 2001) (dismissing declaratory relief claim where plaintiff's action for damages was based on the defendants' past conduct); *Baldwin v. Marina City Properties, Inc.,* 79 Cal.App.3d 393, 407, 145 Cal.Rptr. 406 (1978) ("there is no basis for declaratory relief where only past wrongs are involved").  Moreover, a court may decline to hear a claim for declaratory relief if adjudication of the issues raised in other claims raised in her Complaint would fully and adequately determine all matters actually in controversy between the parties. *See Schessler v. Keck,* 125 Cal.App.2d 827, 837, 271 P.2d 588 (1954); *see also Taggart v. Rantz,* 2006 WL 3387284, 4 (D.Mont.2006).

In the instant case, adjudication of Plaintiff's alleged claims will fully and adequately determine all matters actually in controversy between the parties.  According, declaratory relief would be inappropriate at this time.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request this Motion to Dismiss be granted with prejudice, as well as such other and further relief as this Court deems just and proper.

DATED: August 17, 2012

/s/  Susan Carrasco O'Brien
ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SUSAN CARRASCO O'BRIEN
Assistant General Counsel
Nevada Bar No. 8396
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
*Attorney for the State of Nevada ex rel. its Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas and Karen West*

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of the University of Nevada, Las Vegas, and that the following document, **MOTION TO DISMISS**, was served via electronic service on the date shown below:

Jason J. Bach, Esq.
THE BACH LAW FIRM, LLC
6053 S. Fort Apache Road # 130
Las Vegas, Nevada 89148

DATED: August 20, 2012

/s/ Erika M. Noltie
Office of General Counsel
UNIVERSITY OF NEVADA, LAS VEGAS