JASON J. BACH, ESQ.
Nevada Bar No. 7984
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
MICHAEL L. MASCARELLO, ESQ.
Nevada Bar No. 10673
**THE BACH LAW FIRM, LLC**
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
Telephone: (702) 925-8787
Facsimile: (702) 925-8788
Email: jbach@bachlawfirm.com
        aloraditch@bachlawfirm.com
        mmascarello@bachlawfirm.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MONAMIE GHATAK,<br><br>              Plaintiff,<br><br>     v.<br><br>THE STATE OF NEVADA ex rel BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of THE UNIVERSITY OF NEVADA, LAS VEGAS; KAREN WEST, individually and as Dean of the School of Dental Medicine of the University of Nevada, Las Vegas; PHILIP C. WALTER, individually and as Director of Advanced Education Program in Pediatric Dentistry at the University of Nevada, Las Vegas; RONALD R. LEMON, individually and as Associate Dean for Advanced Education Programs at the University of Nevada, Las Vegas; and DOES I-XX, inclusive,<br>              Defendants. | Case No.: 2:12-cv-00609-LRH-RJJ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO COMPEL PLAINTIFF MONAMIE GHATAK'S DEPOSITION AND DEPOSITION OF JOYDIP ROY ON AN ORDER SHORTENING TIME AND REQUEST FOR ATTORNEYS' FEES AND SANCTIONS** |

COMES NOW, Plaintiff MONAMIE GHATEK ("Plaintiff"), by and through her undersigned counsel, and opposes Defendants' Emergency Motion To Compel Plaintiff Monamie

1

Ghatak's Deposition and Deposition of Joydip Roy on an Order Shortening Time and Request for Attorneys' Fees and Sanctions (the "Motion").  Plaintiff's opposition is made and based upon the following points and authorities, Plaintiff's complaint initiating the above-captioned case, all papers and pleadings on file with this Honorable Court herein, and any oral argument and other evidence the Court may entertain at a hearing on the Motion.

DATED this 10th day of January, 2013.

Respectfully submitted,

**THE BACH LAW FIRM, LLC**

By  */s/ Jason J. Bach*
JASON J. BACH, ESQ.
Nevada Bar No. 7984
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
MICHAEL L. MASCARELLO, ESQ.
Nevada Bar No. 10673
6053 S. Fort Apache Rd., Suite 130
Las Vegas, Nevada 89148
*Attorneys for Plaintiff*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**FACTUAL BACKGROUND**

The Motion contains a number of misrepresentations as to the facts at issue. In fact, it is Defendant UNLV refused to work with Plaintiff's counsel in good faith to find mutually agreeable dates for the depositions of Plaintiff and Plaintiff's husband, who lives in Virginia.

Defendants unilaterally set depositions for Plaintiff and Plaintiff's husband to take place on December 19, 2012, at 9:00 a.m. and December 20, 2012, at 9:00 a.m., respectively, and served on Plaintiff's counsel a notice of deposition for Plaintiff and a subpoena for taking the deposition of Plaintiff's husband Joydip Roy. ***Exhibit #1***, *Declaration of Jason J. Bach, Esq.*; ***Exhibit #2***, *Notice of Deposition of Monamie Ghatak*, ***Exhibit #3***, *Subpoena for Deposition of Joydip Roy*. It is essential for Plaintiff's lead attorney on this case, Jason J. Bach, to be present for said depositions. Prior to November 29, 2012, Mr. Bach was committed to being in Chicago, Illinois on December 19 and 20 regarding litigation in the Northern District of Illinois and litigation in the Northern District of Indiana. ***Exhibit #1.*** On December 20, 2012, Mr. Bach was also committed to traveling to Texas to be with his family for the Christmas holiday. ***Id.***

On December 11, 2012, Plaintiff's counsel's office contacted Defendant UNLV's office of general counsel and informed Defendants' counsel that Plaintiff's counsel was unable to attend the depositions on those dates due to holiday travel and requested that the depositions be reset to a time convenient to all parties and counsel. ***Exhibit #4***, *Declaration of Michael L. Mascarello, Esq.* In discussing the availability of Plaintiff's counsel, Defendants' counsel was advised that Plaintiff's counsel would be available on January 8 and January 9, 2013, but that those dates had not been discussed with the Plaintiff and her husband. ***Id.*** Defendant UNLV refused to consider moving the depositions to those dates; thereby negating any need to confirm the availability of the deponents and allowing other matters to be scheduled for those days. ***Id.***

On December 17, 2012, Plaintiff's counsel delivered an email to Susan O'Brien, counsel for UNLV again notifying Defendants of Plaintiff's counsel inability to attend the deposition and informing that Plaintiff and Joydip Roy would be out of the state on a pre-paid vacation during the

1 requested December 19 and 20 dates. ***Exhibit #1.*** Mr. Bach's emailed the correspondence to again
2 notify Defendants that Plaintiff and Joydip Roy would not be appearing for the deposition and to
3 allow Defendants sufficient time to cancel any court reporter and avoid unnecessary litigation costs.
4 ***Id.***

5 On December 18, 2012, Plaintiff's counsel contacted Susan O'Brien by telephone to discuss
6 vacating the deposition dates and resetting the depositions for a time convenient to all parties and
7 counsel in January 2013. ***Exhibit #4.*** Defendants' counsel again refused to vacate the December
8 19 and December 20 depositions and stated that she would be taking a notice of non-appearance and
9 would file any necessary motions with the court to recover fees and costs associated with the non-
10 appearance. ***Id.*** Plaintiff subsequently filed motions for protection seeking to bar the depositions
11 from taking place before the Early Neutral Evaluation ("ENE"), which had yet to be scheduled at
12 that point. ***See Plaintiff's Motion for Protective Order*** [Docket No. 21] and ***Plaintiff's Motion for***
13 ***Protective Order and to Quash Subpoena*** [Docket No. 22] (collectively, the "**Protective**
14 **Motions**").

15 On December 19, 2012, after requesting available dates from the parties on December 13,
16 2012, the Court entered an Order scheduling the ENE for January 24, 2013, and requiring the
17 submission of written evaluation statements no later than January 17, 2013. ***See Order Scheduling***
18 ***Early Neutral Evaluation Session*** [Docket No. 23].

19 On December 21, 2012, despite Plaintiff's motions pending before the Court, and without
20 communicating with Plaintiff's counsel, Defendants again noticed the depositions of Plaintiff, and
21 her husband, for January 8 and 9, 2013. ***Exhibit #1.*** On that same date, Plaintiff's counsel
22 communicated with the deponents to inquire as to their availability on those dates and learned that
23 Plaintiff's husband, Joydip Roy, would be in another state on business and could not attend a
24 deposition on those dates without financial hardship. ***Id.***

25 On January 7, 2013, Plaintiff's counsel emailed Defendants' counsel to advise Defendants
26 that Plaintiff and Joydip Roy would not be appearing for the depositions set for January 8 and
27 January 9, as Plaintiff's Protective Motions remained pending before the Court.
28 ///

4

1 Mr. Roy resides in Virginia. **Exhibit #1.** Defendants served on Plaintiff's counsel subpoenas setting Mr. Roy's deposition in Las Vegas, Nevada. **See Exhibit #3** and **Motion,** at **Exhibit B** Second Subpoena for the Deposition of Joydip Roy [Docket No. 27-2]. Defendants have not provided Mr. Roy with an appropriate witness fee payment pursuant to 28 U.S.C. § 1821.

## II.

## LEGAL ARGUMENT

### A. DEFENDANTS UNILATERAL SETTING OF DEPOSITIONS CONTINUES TO EXPOSE PLAINTIFF, PLAINTIFF'S HUSBAND AND PLAINTIFF'S COUNSEL TO UNDUE BURDEN AND EXPENSE.

Despite the assertions in the Motion that Plaintiff failed to properly communicate with Defendants, it is Defendant UNLV who has refused to work with Plaintiff's counsel in good faith to find mutually agreeable dates for the depositions of Plaintiff and Plaintiff's husband, who lives in Virginia. Counsel on both sides have litigated numerous cases together and, until recently, have always worked reasonably well together on scheduling issues. Abruptly, Defendants are now taking the position that they will simply set depositions without any regard for the deponents' schedule or the schedule of the other attorneys involved in the case.

When Defendants office was first contacted by Plaintiff's counsel's office concerning dates for the depositions of Plaintiff and her husband, the availability of Plaintiff and Mr. Roy had not been confirmed, as Plaintiff's counsel was already unavailable. Upon learning of Defendants' unreasonable posture, counsel contacted Plaintiff and learned that she and her husband had already scheduled a pre-paid vacation, out of state, beginning on December 18, 2012, as that was the first day of her winter break. Considering the availability of most people in late December, due to the holidays, it should come as no shock to Defendants that both counsel and the deponents were out of state and unavailable on December 19 and December 20, as was Plaintiff's counsel.

Similarly, with respect to the January 8 and January 9 dates, only the availability of Plaintiff's counsel was discussed and not yet the availability of Plaintiff and her husband before Defendants unilaterally served a second notice of deposition for Plaintiff on January 8, 2013, and a second subpoena for Plaintiff's husband to appear for deposition on January 9, 2013.

///

5

F.R.C.P. 26 (c) Protective Orders states, in part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or **undue burden or expense. . . .**

(emphasis added)

As demonstrated herein, Defendants' unilateral action of setting depositions without any regard for anyone else, and when an ENE is pending, threatens to cause undue burden and expense on Plaintiff, her husband, and her counsel, due to:

1. Changing or cancelling pre-paid airfare and hotel payments.
2. Requiring Plaintiff's counsel to ignore responsibilities regarding litigation in the Northern District of Illinois and the Northern District of Indiana.
3. Requiring Plaintiff to incur deposition costs and attorney fees for deposition preparation, actual deposition time, and transcripts.
4. Travel expenses and business loss of Joydip Roy.

This entire issue could have been eliminated had Defendants simply contacted Plaintiff's counsel and discussed mutually agreeable dates, as they have done several times in the past. Furthermore, the Motion and Plaintiff's Protective Motions could have been avoided if Defendants would have acted reasonably and simply worked with Plaintiff to move the depositions to mutually agreeable dates after learning of the unavailability of deponents and counsel.

**B.   AN EARLY NEUTRAL EVALUATION IS INTENDED TO LIMIT CASE COSTS, NOT ESCALATE THEM.**

Defendants claim that due to an ENE being scheduled in this case on January 24, 2013, the depositions of Plaintiff and Joydip Roy before that date are essential. However, Defendants have the cart before the horse. An ENE is a process intended to *avoid* costly deposition expenses.

///

///

6

LR 16-6(g) provides as follows:

> Each evaluating magistrate judge shall:
>
> (1) Permit each party (through counsel or otherwise), orally and through documents or other media, to present its claims or defenses and to describe the principal evidence on which they are based;
>
> (2) Assist the parties to identify areas of agreement and, where feasible, enter stipulations;
>
> (3) Assess the relative strengths and weaknesses of the parties' contentions and evidence, and carefully explain the reasoning that supports these;
>
> **(4) When appropriate, assist the parties through private caucusing or otherwise, to explore the possibility of settling the case;**
>
> (5) Estimate, where feasible, the likelihood of liability and the range of damages;
>
> **(6) Assist the parties in devising a plan for expediting discovery, both formal and informal, in order to enter into meaningful settlement discussions or to position the case for disposition by other means;**
>
> **(7) Assist the parties to realistically assess litigation costs; and**
>
> (8) Determine whether some form of follow-up to the session would contribute to the case development process or to settlement.

(emphasis added).

Due to their time-intensive nature, depositions are an extremely costly part of the discovery process. It is clear from the Court's local rule that one of the central purposes of an ENE is to attempt to resolve a case *before* costly discovery is undertaken and to work with the parties to streamline discovery to avoid unnecessary costs and delays. Pursuant to both FRCP 26(c) (as discussed in Plaintiff's Protective Motions) and LR 16-6, the depositions of Plaintiff and Joydip Roy should not take place until after the ENE.

## III.

## CONCLUSION

By this Opposition and her Protective Motions pending before the Court, Plaintiff is not seeking to avoid being deposed or having her husband deposed; merely the undue burden and expense of costly discovery until <u>after</u> the ENE takes place in the event that a settlement between the parties can be achieved. If this case can be disposed of at the ENE then so much the better for

all concerned. If not, Plaintiff will work in good faith with Defendants to agree upon deposition dates that all parties and their counsel can attend.

WHEREFORE, for all of the foregoing reasons, Plaintiff respectfully requests that this Honorable Court enter an order sustaining this Opposition, denying the Motion and ordering that depositions in this case not take place until after the ENE is concluded in order to avoid unreasonable costs and expense of the parties, pursuant to FRCP 26(c) and LR 16-6.

DATED this 10th day of January, 2013.

                        Respectfully submitted,

                        **THE BACH LAW FIRM, LLC**

By  */s/ Jason J. Bach*
    JASON J. BACH, ESQ.
    Nevada Bar No. 7984
    ANNE M. LORADITCH, ESQ.
    Nevada Bar No. 8164
    MICHAEL L. MASCARELLO, ESQ.
    Nevada Bar No. 10673
    6053 S. Fort Apache Rd., Suite 130
    Las Vegas, Nevada 89148
    *Attorneys for Plaintiff*