ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SUSAN CARRASCO O'BRIEN
Assistant General Counsel
Nevada Bar No. 8396
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada  89154-1085
Telephone:  (702) 895-5185
Facsimile:  (702) 895-5299
*Attorney for the State of Nevada ex rel. its Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas, Karen West, Philip C. Walter and Ronald R. Lemon*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MONAMIE GHATAK,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA ex rel. BOARD OF REGENTS OF NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of the UNIVERSITY OF NEVADA, LAS VEGAS; KAREN WEST, individually and as Dean of the School of Dental Medicine of the University of Nevada, Las Vegas; PHILIP C. WALTER, individually and as Director of the Advanced Education Program in Pediatric Dentistry at the University of Nevada, Las Vegas; RONALD R. LEMON, individually and as Associate Dean for Advanced Education Programs at the University of Nevada, Las Vegas; and DOES I-XX, inclusive,<br>Defendants. | CASE NO.:  2:12-cv-00609-LRH-RJJ<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO COMPEL PLAINTIFF MONAMIE GHATAK'S DEPOSITION AND DEPOSITION OF JOYDIP ROY ON AN ORDER SHORTENING TIME AND REQUEST FOR ATTORNEYS' FEES AND SANCTIONS** |

Defendants, the State of Nevada ex rel. its Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas ("UNLV" or "University"), Karen West, individually and as Dean of UNLV School of Dental Medicine ("SDM"), Philip C. Walter, individually and as Director of the Advanced Education Program in Pediatric Dentistry of

UNLV SDM, and Ronald R. Lemon, individually and as Associate Dean for Advanced Education Programs at UNLV SDM (collectively referred to as "University") by and through counsel, Elda M. Sidhu, General Counsel and Susan Carrasco O'Brien, Assistant General Counsel, respectfully submit this Reply to Plaintiff's Opposition to Defendants' Emergency Motion to Compel Plaintiff Monamie Ghatak's Deposition and the Deposition of JoyDip Roy on an Order Shortening Time and Request for Attorneys' Fees and Sanctions. This Reply is based upon Local Rule 6-1, Local Rule 7-5 and Fed. R. Civ. P. 37, the attached Memorandum of Points and Authorities, as well as other papers, pleadings and documents on file herein.

DATED: January 11, 2013.

*Susan C. O'Brien*
ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SUSAN CARRASCO O'BRIEN
Assistant General Counsel
Nevada Bar No. 8396
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
*Attorney for Defendants*

## I.

## SUMMARY

**Setting of December Depositions**

In her Reply, Plaintiff does not dispute that Plaintiff and Mr. Roy were duly served on November 29, 2012, for depositions on December 18 and 19, 2012. (Affidavit of Susan C. O'Brien, Exhibit A). Plaintiff does not dispute that Plaintiff and Mr. Roy were duly served at the addresses listed in Plaintiff's Initial Disclosures and Plaintiff's First Supplement to Initial Disclosures, eighteen (18) and nineteen (19) days before the scheduled depositions. *Id.* Plaintiff

///

///

S:\General Counsel\LITIGATION FILES\Ghatak, Monamie\Pleadings\Drafts\2013-01-11 Reply to Pl Opp to Def Emerg Mtn to Compel.docx

2

and Mr. JoyDip Roy's address is listed as:

> c/o Jason Bach, Esq.
> and Michael Mascarello, Esq.
> The Bach Law Firm, LLC
> Las Vegas, Nevada 89148

*Id.*

It is undisputed that the legal counsel's office for Plaintiff and Mr. Roy did not immediately contact Defendants regarding any concerns or issues with the Notice of Deposition and Subpoena served on November 29, 2012. *Id.* Ten days after hand-delivered service, an assistant from Mr. Bach's office, called and spoke with an assistant in the UNLV Office of General Counsel and conveyed Mr. Bach was unavailable on the dates set for the depositions. *Id.* Sandra, on behalf of Mr. Bach, offered the dates of January 8 & 9 as alternative dates for the taking of the depositions. *Id.* The first effort by Plaintiff's attorney to communicate with Defendants' attorney was December 17, 2012, in an email sent after hours at 7:25 p.m., stating that neither Plaintiff nor her husband intended to appear at the duly noticed and subpoenaed depositions. *Id.* Information about Plaintiff and Mr. Roy being out of state was first mentioned by Mr. Mascarello on December 18, 2012. *Id.*

It was not until December 18, 2012, the day of Plaintiff's duly noticed deposition, that Plaintiff filed a Motion for Protective Order (Court Document #21) Motion for Protective Order and to Quash Subpoena (Court Document #22) to prevent the taking of Plaintiff's deposition and that of Mr. Roy, despite having been served on November 29, 2012.

**Setting of January Depositions**

In her Reply, Plaintiff does not dispute that Plaintiff and Mr. Roy were duly noticed and served on December 21, 2012, for depositions on January 8 and 9, 2013, seventeen (17) and eighteen (18) days before the scheduled depositions. *Id.* Plaintiff now alleges that Mr. Roy lives in Virginia. *Id.* However, Plaintiff cannot dispute that Plaintiff and Mr. Roy were served at Mr. Bach's address, which is the address listed by Plaintiff in her Initial Disclosures and First Supplement to Initial Disclosures. *Id.*

S:\General Counsel\LITIGATION FILES\Chutak, Moumita\Pleadings\Drafts\2013-01-11 Reply to Pl Opp to Def Emerg Mtn to Compel.docx

3

Plaintiff does not dispute that no effort to communicate with Defendants' counsel was made until the day before the scheduled deposition near the end of the day, specifically, late January 7, 2013, in an email sent by Mr. Bach at 4:49 p.m.[1]  *Id.* The email stated that neither Plaintiff nor Mr. Roy would appear at the scheduled depositions of January 8 and 9, 2013. *Id.*

In relation to both instances above, the reasons for Plaintiff and Mr. Roy's failure to attend their duly noticed depositions has evolved from an attorney is not available, they are not available and now to their wanting not to be deposed until after the ENE. *Id.*

## II.

## ARGUMENT

### A. THE PARTIES ARE REQUIRED TO PARTICIPATE IN DISCOVERY AS THERE HAS BEEN NO STAY OF DISCOVERY

Plaintiff is essentially asking this Court for a retroactive stay of discovery. There is an outstanding Discovery Plan and Scheduling Order providing for a discovery cut-off of February 18, 2013 (Court Document #17). Pursuant to Local Rule 26-1, the parties are required to participate in discovery.

There has not been a stay of discovery. It is well established that a party seeking a stay of discovery carries a heavy burden of making a strong showing why discovery should be denied. *Turner v. Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (*citing Blakenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). "Neither the desire of the parties to participate in the ENE process nor [a] pending summary judgment is sufficient reason to stay discovery." *Zhou v. Foster*, 2011 U.S. Dist. LEXIS 104242, 2 (D. Nev. 2011).

In this case, there has not been any showing why Defendants should be prevented from taking the deposition of Plaintiff and Mr. Roy, especially in light of the fact that the Court set an

---

[1] In his Declaration Counsel states that on December 21, 2012 his office communicated with Plaintiff and husband regarding their availability on January 8 and January 9. There is no mention that Plaintiff's Counsel tried to communicate with Defendants nor does it mention that Plaintiff was unavailable. Exhibit 1, Declaration of Jason Bach, attached Errata to Plaintiff's Opposition to Defendant's Emergency Motion to Compel Plaintiff Monamie Ghatak's deposition and Deposition of JoyDip Roy on an Order Shortening Time (Document #32).

S:\General Counsel\LITIGATION FILES-Ghatak, Monamie\Pleadings\Drafts\2013-01-11 Reply to Pl Opp to Def Emerg Mtn to Compel.docx

4

ENE, for which Defendants wish to make adequate preparation and the fact that the discovery cut-off is February 18, 2013. Accordingly, Defendants request that the discovery process be permitted to continue and for an Order compelling the depositions of Plaintiff and Mr. Roy prior to January 17, 2013.

Additionally, Defendants seek payment of expenses and attorneys' fees pursuant to Fed. R. Civ. P. 37(a)(5) incurred in relation to the scheduling of the depositions on December 19 and 20, 2012 and January 8 and 9, 2013.

### B.     PROFESSIONAL COURTESY

In her Reply, Plaintiff implicitly refers to professional courtesy between attorneys as the general rule. Defendants' counsel agrees that the norm is for professional courtesy to be extended between attorneys. There is no question that counsel for both sides have litigated numerous cases together. These prior dealings establish a course of conduct that has resulted in an incremental erosion of that norm, such that the extension of professional courtesy no longer applies to Plaintiff's counsel.[2]

Defendants complied with the law and the rules. Defendants provided reasonable notice with regard to the scheduling of depositions as required by Fed. R. Civ. P. 30(b), which guides the notice requirements for setting the depositions and provides that:

> (1) *Notice in General.* A party who wants to depose a person by oral questions **must give reasonable written notice to every other party**. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs. (Emphasis added).

While Fed. R. Civ. P. 30(b) is applicable in this matter, Nev. R. Civ. P. 30(b)(1) is instructive as to what is a "reasonable written notice." Nev. R. Civ. P. 30(b)(1) provides that reasonable notice for

///

___

[2] *Maffeo v. NSHE et al.*, 461 Fed. Appx. 629 (9th Cir. 2011). Pursuant to Fed. R. App. P. 32.1 a copy is attached as Exhibit B.

S:\General Counsel\LITIGATION FILES\Gamat, Mansour\Pleadings\Drafts\2013-01-11 Reply to Pl Opp to Def Emerg Mtn to Compel.docx

5

purpose of setting a deposition is **not less** than fifteen (15) days. Specifically, it states:

> (1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice, **not less than 15 days**, in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to or included in the notice. (Emphasis added).

As indicated above, Defendants' served a Notice of Deposition of Plaintiff, and Subpoena for the Deposition of JoyDip Roy on Mr. Bach's office more than fifteen days prior to the date of their depositions in December 2012 and January 2013. Accordingly, reasonable notice was provided.

### III.
### CONCLUSION

Based upon the foregoing, Defendants respectfully request Defendants' Emergency Motion to Compel Plaintiff's Deposition and the Deposition of JoyDip Roy, on an Order Shortening Time, and Motion for Attorneys' Fees, Costs and Sanctions be granted, as well as such other and further relief as this Court deems just and proper.

DATED: January 11, 2013.

_Susan C. O'Brien_
ELDA M. SIDHU
General Counsel
Nevada Bar No. 7799
SUSAN CARRASCO O'BRIEN
Assistant General Counsel
Nevada Bar No. 8396
UNIVERSITY OF NEVADA, LAS VEGAS
4505 S. Maryland Parkway, Box 451085
Las Vegas, Nevada 89154-1085
*Attorney for the State of Nevada ex rel. its Board of Regents of the Nevada System of Higher Education, on behalf of the University of Nevada, Las Vegas and Karen West*

S:\General Counsel\LITIGATION FILES\Chauk, Monamie\Pleadings\Drafts\2013-01-11 Reply to Pl Opp to Def Emerg Mtn to Compel.docx

6

## CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of the University of Nevada, Las Vegas, and that the following document, **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO COMPEL PLAINTIFF MONAMIE GHATAK'S DEPOSITION AND DEPOSITION OF JOYDIP ROY ON AN ORDER SHORTENING TIME AND REQUEST FOR ATTORNEYS' FEES AND SANCTIONS** was served via electronic service on the date shown below:

Jason J. Bach, Esq.
THE BACH LAW FIRM, LLC
6053 S. Fort Apache Road # 130
Las Vegas, Nevada 89148

DATED: January 11, 2013.

_Angela J Christian_
Office of General Counsel
UNIVERSITY OF NEVADA, LAS VEGAS

S:\General Counsel\LITIGATION FILES\Ghatak, Monamie\Pleadings\Drafts\2013-01-11 Reply to Pl Opp to Def Emerg Mtn to Compel.docx

7